UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

**Chambers of**
**Douglas R. Miller**
**United States Magistrate Judge**

101 West Lombard Street
Baltimore, Maryland 21201
MDD_DRMChambers@mdd.uscourts.gov
(410) 962-7770

July 28, 2025

LETTER TO ALL COUNSEL OF RECORD

Re:   *Nohea K. v. Frank Bisignano, Commissioner, Social Security Administration*[1]
      Civil No. 24-2633-DRM

Dear Counsel:

On September 11, 2024, Plaintiff Nohea K. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF No. 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case (ECF No. 7) and the parties' briefs (ECF Nos. 11, 15, 16). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will AFFIRM the Commissioner's decision. This letter explains why.

I.   **PROCEDURAL BACKGROUND**

Plaintiff filed a Title XVI application for Supplemental Security Income ("SSI") benefits on June 29, 2020, alleging a disability onset of March 18, 2020. Tr. 256-61. Plaintiff's claims were denied initially and on reconsideration. Tr. 134-37, 141-46. On January 24, 2023, an Administrative Law Judge ("ALJ") held a hearing. Tr. 66-92. On December 12, 2023, the ALJ held a supplemental hearing. Tr. 46-65. Following the hearings, on January 30, 2024, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 26-40. The Appeals Council denied Plaintiff's request for review, Tr. 12-15, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

II.  **THE ALJ'S DECISION**

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment

---

[1] Plaintiff filed this case against Martin O'Malley, the Commissioner of Social Security on September 11, 2024. ECF No. 1. Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Accordingly, Commissioner Bisignano has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

*Nohea K. v. Bisignano*
Civil No. 24-2633-DRM
July 28, 2025
Page 2

which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff had "not engaged in substantial gainful activity since June 29, 2020, the application date." Tr. 31. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "disorders of the spine, thoracic spinal stenosis, cervical spondylosis, failed back surgery syndrome, obesity and narcolepsy with cataplexy." Tr. 31. The ALJ also determined that Plaintiff suffered from the non-severe impairments of hypertension, hypothyroidism, vitamin D deficiency, GERD, cholelithiasis, depression, and anxiety, and that Plaintiff's epilepsy was not a medically determinable impairment. Tr. 32, 34. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 34. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 416.967(b) except occasional ramps or stairs; no ladders, ropes or scaffolds; occasional balance, stoop, kneel, crouch or crawl; occasional exposure to extreme cold and vibration; no exposure to hazards such as dangerous moving machinery or unprotected heights; frequent handle, finger, feel and reach bilaterally.

Tr. 34. The ALJ determined that Plaintiff was able to perform past relevant work as a secretary (DOT[3] #201.362-030). Tr. 40. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 40.

### III.  LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The

---

[3] The "DOT" is the Dictionary of Occupational Titles. "The *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g).  Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).  It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.*  In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence.  *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

## IV.     ANALYSIS

Plaintiff's overarching argument is that substantial evidence does not support the ALJ's RFC.  ECF No. 11, at 7-13, at 8; ECF No. 16, at 1-3.  Specifically, Plaintiff argues that the ALJ failed to properly conduct a function-by-function assessment of Plaintiff's ability to sit.  *Id.*  Defendant counters that substantial evidence supports the ALJ's RFC and that the ALJ's discussion of the evidence and explanation of how the RFC accounted for Plaintiff's limitations allows "meaningful judicial review."  ECF No. 15, at 5-10.

The Court finds that, although the ALJ did not assess Plaintiff's exertional capabilities on a function-by-function basis, the ALJ's assessment does not warrant remand.  A claimant's RFC represents "the most [they] can still do despite [their] limitations."  20 C.F.R. § 416.945(a).  In assessing RFC, an ALJ must "consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by function basis, how they affect [the claimant's] ability to work.'" *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)).  Pursuant to Social Security Ruling ("SSR") 96-8p, an RFC assessment must include an evaluation of a claimant's ability to perform the physical functions listed in 20 C.F.R. § 416.945(b), including "sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions" that "may reduce [a claimant's] ability to do . . . work." 20 C.F.R. § 416.945(b); *see* SSR 96-8p, 1996 WL 374184, at *5 (July 2, 1996).

Only after such an analysis may an ALJ express RFC in terms of the exertional level of work of which the ALJ believes the claimant to be capable.  *See Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. 2021).  As noted in *Dowling*, "every conclusion reached by an ALJ when evaluating a claimant's RFC must be accompanied by 'a narrative discussion describing [ ] the evidence' that supports it." 986 F.3d at 387 (alteration in original) (citation omitted).  Thus, an ALJ must identify evidence that supports their conclusions and build an accurate and logical bridge from that evidence to their conclusions.  *See Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018).

Plaintiff argues that the ALJ failed to conduct a function-by-function assessment of Plaintiff's abilities, specifically Plaintiff's sitting capacity, and that as a result, the ALJ failed to "establish the necessary logical bridge between the evidence and the step-four determination that Plaintiff could perform her past relevant work."  ECF No. 11, at 7.  Plaintiff avers that the ALJ

Nohea K. v. Bisignano
Civil No. 24-2633-DRM
July 28, 2025
Page 4

found that Plaintiff was "not disabled solely because she could perform past relevant work as a Secretary," but that the ALJ did not explain how Plaintiff could perform prolonged sitting given the evidence of her sitting difficulties. *Id.* at 13. The Court finds these arguments unavailing.

Here, the ALJ engaged in a narrative discussion of Plaintiff's medical evidence spanning five pages and citing to specific evidence in the record. Tr. 34-39. The ALJ explained how this evidence, along with Plaintiff's testimony and the opinions of medical professionals, led to the ALJ's conclusion that Plaintiff can perform light work with certain postural and environmental limitations. Tr. 34, 38-39. Plaintiff cites multiple portions of the transcript that she believes the ALJ failed to properly consider in evaluating Plaintiff's sitting capacity. ECF No. 11, at 11-12. However, the ALJ assessed the exact evidence Plaintiff cites. For example, the ALJ considered Plaintiff's testimony that "[s]he can no longer play the piano as she once did because of pain while sitting and moving her hands to play causes her right hand to become numb." Tr. 35. The ALJ also acknowledged that Plaintiff "testified that she sleeps all day" and "that she is in pain and tired all day long." Tr. 35. The ALJ observed that orthopedic records from 2019 show that Plaintiff complained that "her pain was constant when sitting with minimal discomfort when walking." Tr. 36. The ALJ acknowledged that in 2020, Plaintiff "complained of low back [pain] affecting her walking[,] sitting, and standing but [Plaintiff] remained neurologically intact with normal strength" and that "[l]umbar decompression surgery was recommended." Tr. 36-37.

Despite Plaintiff's hearing testimony, the objective medical evidence examined by the ALJ supported their conclusion that Plaintiff's "statements about the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record," and supported their finding that these statements "are partially inconsistent because the record does not fully support her allegations." Tr. 35. Moreover, after examining the objective evidence, the ALJ found that "the record supports a finding that [Plaintiff] has some limitations but none that prevent sustained employment within the residual functional capacity." Tr. 38. The ALJ noted "multiple inconsistencies" within the record, including that Plaintiff "complained of debilitating back pain but records show that she was taking no pain medication pre or post operatively aside from Tylenol. It is notable that she saw her orthopedist in 2022 and then not again until May 2023, when her provider reported that she had recovered well from surgery." Tr. 38. The Fourth Circuit has held that "[a]lthough a claimant's allegations about [their] pain may not be discredited solely because they are not substantiated by objective evidence of the pain itself or its severity, they need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause the pain the claimant alleges [he] suffers[.]" *Craig*, 76 F.3d at 595; *see also Gross v. Heckler*, 785 F.2d 1163, 1165-66 (4th Cir.1986) (finding the claimant's claim that he was disabled not credible when "[h]is arthritis responded to conservative treatment, and his stomach pains were relieved by antacids. If a symptom can be reasonably controlled by medication or treatment, it is not disabling.").

In evaluating the medical opinions, the ALJ considered the opinion of Dr. Selya who opined, among other things, that Plaintiff would need to "sit for less than one hour and stand for less than one hour in an 8 hour workday." Tr. 39. The ALJ found Dr. Selya's opinion

unpersuasive, concluding that the opinion was "supported by Dr. Selya's examination of [Plaintiff] and by his descriptions of the impairments and symptoms she experienced" but "inconsistent with treating records and Dr. Selya's own records which show [Plaintiff] walking unassisted with normal and stable gait, normal strength and normal range of motion in all extremities." Tr. 39.

The ALJ's RFC assessment finds support in the weight that the ALJ assigned to the opinion of the consultant at the reconsideration level, Dr. Sarpolis. Dr. Sarpolis opined, among other things, that Plaintiff could: (1) lift and/or carry twenty pounds occasionally and ten pounds frequently, (2) stand and/or walk six hours, and (3) sit for six hours. *See* Tr. 120-22. These limitations are consistent with a light work RFC. *See* SSR 83-10, 1983 WL 31251, at *6 (S.S.A. Jan. 1, 1983) ("Since frequent lifting or carrying requires being on one's feet up to two-thirds of a workday, the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday. Sitting may occur intermittently during the remaining time."). The ALJ found Dr. Sarpolis's opinion limiting Plaintiff "to light work . . . persuasive given [Plaintiff's] history of lumbar surgery, complaints of pain and thoracic stenosis, along with obesity." Tr. 39. As such, the ALJ limited Plaintiff to a light work RFC. Tr. 34. Accordingly, the Court determines that the ALJ adopted the exertional limitations opined by Dr. Sarpolis in crafting the RFC.

At the hearing, the vocational expert ("VE") testified that Plaintiff's past relevant work as a secretary is performed at the sedentary exertional level. Tr. 86-87. The ALJ told the VE that Plaintiff described the secretary position "as seated 100% of the time and lifting less than 10 pounds." Tr. 86. The VE testified that a hypothetical employee with Plaintiff's RFC, including the limitation to light work and other limitations, could perform Plaintiff's past relevant work as a secretary. Tr. 87. The VE also testified that a hypothetical employee with a sedentary work RFC and other limitations, could perform Plaintiff's past relevant work as a secretary. Tr. 87-88. At step four, the ALJ found that Plaintiff could perform her past relevant work as a secretary as actually and generally performed. Tr. 40. The ALJ noted that the VE "testified that her responses providing opinions on the past work and responding to the hypotheticals were consistent with the Dictionary of Occupational Title[s] and its companion publication, the Selected Characteristics of Occupations (SCO)." Tr. 40. The ALJ found "the VE's testimony reasonable" and therefore found that Plaintiff could perform past relevant work. Tr. 40.

The ALJ did not individually assess Plaintiff's exertional abilities to perform light work. But the Fourth Circuit has "rejected a per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis" and has instead explained that remand "may be appropriate" when an ALJ "fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Mascio v. Colvin*, 780 F. 3d 632, 636 (4th Cir. 2015). No such issue exists here. Plaintiff identifies no unresolved evidentiary conflicts concerning exertional functions. The ALJ permitted meaningful review by incorporating the RFC assessment of Dr. Sarpolis, which the ALJ found persuasive, into the ALJ's own RFC assessment. *See Sizemore v. Berryhill*, 878 F.3d 72, 80-81 (4th Cir. 2017) (holding that an ALJ adequately supported limitations in the RFC assessment by assigning persuasive value to the opinions of doctors who addressed the

*Nohea K. v. Bisignano*
Civil No. 24-2633-DRM
July 28, 2025
Page 6

limitations in detail); *Onishea v. Barnhart*, 116 F. App'x 1, 2 (5th Cir. 2004) ("The ALJ based his assessment of [the claimant's] RFC, in part, on the state examiner's function-by-function analysis of her exertional limitations.  Thus, the ALJ employed the legal standard set forth in . . . SSR 96–8p in [assessing] RFC."); *Audlica D. v. Kijakazi*, No. BAH-22-1046, 2023 WL 1769665, at *5 (D. Md. Feb. 3, 2023) (finding harmless error where the claimant failed to show how the RFC may have changed if the ALJ performed a more in-depth function-by-function analysis).  Therefore, the ALJ's failure to explicitly assess Plaintiff's exertional abilities does not warrant remand.

Here, Plaintiff disagrees with the ALJ's conclusions, which are supported by substantial evidence.  But this Court "does not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; '[w]here conflicting evidence allows reasonable minds to differ,' we defer to the Commissioner's decision." *Fiske v. Astrue*, 476 F. App'x 526, 527 (4th Cir. 2012) (quoting *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam)).  Accordingly, Plaintiff's arguments fail to justify reversal and remand.

V.  **CONCLUSION**

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is AFFIRMED.  The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion.  A separate implementing Order follows.

Sincerely,

/s/

Douglas R. Miller
United States Magistrate Judge